# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:  TROY B. FUQUA )  Case No. 26-20494

)

) Chapter 11 (Voluntary)

)

Debtor and Debtor-in-Possession

## APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

     **COMES NOW** Troy Fuqua., the Debtor and Debtor-in-possession herein (hereinafter the "Debtor") by and through his undersigned counsel, and, pursuant to 11 U.S.C. § 327 and F.R.B.P. Rules 2014, 2016 and 5002, submit this Application for Employment of the law firm W M Law and its members to represent the Debtor in his Chapter 11 bankruptcy proceedings. In support of this Application the Debtor represents the following:

1.    On April 1, 2026, Debtor filed a voluntary Petition for Chapter 11 relief. Pursuant to 11 U.S.C, §§ 1107 and 1108, the Debtor remains as Debtor-in-Possession.

2.    The Debtor is an individual person residing in Johnson County, Kansas..

3.    The Debtor requires the services of legal counsel to represent it during these proceedings and desires to employ Wagoner Bankruptcy Group, P.C. d.b.a. W M Law, as Debtor's counsel. The services to be provided include providing the customary services required in representing a Chapter 11 Debtor-in-Possession, which include: preparation of the bankruptcy forms and schedules, attendance at the initial debtor interview, § 341 meeting and other court hearings, preparation of the Subchapter V Chapter 11 plan, client conferences, filing monthly operating reports, phone calls, emails, dealing with creditors, and resolving confirmation issues.

4.    Attorneys Ryan A. Blay, Jeffrey L. Wagoner, Errin P. Stowell, Ryan M. Graham,, Luke Trusdale and Chelsea Williamson and the other attorneys in the law firm of W M Law (hereinafter collectively referred to as "W M Law") are duly licensed and qualified attorneys who are, in the opinion of the Debtor, qualified to act as its counsel, and who have an office located at: 15095 West 116th Street, Olathe, Kansas 66062.

5.    W M Law has experience in matters of this character and its attorneys are well-qualified to act as attorneys for the Debtor. The Debtor has selected W M Law to be its counsel based of its expertise and knowledge of Bankruptcy procedures.

6.    W M Law is not connected in any manner with the Debtor, other than as Debtor's counsel, or with creditors or any other party in interest in this matter with the following exception:

Bank of Blue Valley (now, Cadles of West Virginia) filed Johnson County, Kansas lawsuit JO-2025-CV-000046, *Bank of Blue Valley v. Axiom Flooring LLC et. Al.* Mr. Fuqua engaged WM Law to answer the complaint and the firm entered an appearance on behalf of Mr. Fuqua. The firm did not enter an appearance on behalf of Axiom Flooring LLC, the corporate defendant (an entity owned by Mr. Fuqua) as Axiom Flooring LLC is no longer operational.

WM Law did assist Mr. Fuqua in responding to discovery requests propounded by Bank of Blue Valley/Cadles of West Virginia and also assisted Mr. Fuqua in responding on behalf of Axiom Flooring LLC, since Axiom Flooring is and remains unable to represent itself pro se. WM Law has no engagement letter or obligation to represent Axiom Flooring LLC.

Prior to filing the Debtor's Chapter 11 Bankruptcy, WM Law wrote off any remaining fees from representation in the state court matter to ensure that it was not a creditor.

. The firm and its members are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which they are to be engaged and their employment would be in the best interest of the bankruptcy estate.

7. W M Law has examined their client records and business records and have made a personal inquiry of the Debtor. They have determined that the attorneys and all the members of the firm do not hold or represent an interest adverse to the estate.

8. W M Law understands the continuing duty to disclose any adverse interest and change in disinterestedness.

9. W M Law understands that the court's approval of the application is not approval of any proposed terms of compensation and that under 11 U.S.C. § 328(a), the court may allow compensation on terms different from those proposed.

10. W M Law has agreed to act as attorneys for the Debtor at hourly fees commensurate with their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who it is anticipated will work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $400.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Errin P. Stowell | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Chelsea Williamson | $300.00 |
| Attorney, Megan M. Tiede | $275.00 |
| Attorney, Luke Trusdale | $250.00 |
| Paralegal, Douglas Sisson | $175.00 |
| Paralegal, Ana Van Noy | $175.00 |

| | |
|---|---|
| Paralegal, Betsy Hayman | $175.00 |
| Paralegal, Rosana Tovalin | $175.00 |
| Paralegal, Sylvia Camacho | $175.00 |
| Paralegal, Michael Sandri | $175.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses related to and incurred during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

11.   For entry in this Case, the W M Law has received from a retainer in the amount of $17,000 (including $1,738 for the Chapter 11 filing fee), from the Debtor. The source of funds used for the retainer and filing fee was a cashier's check from Eleanor Murray, who loaned the money for the filing to the Debtor.

12.     W M Law has not received any compensation for this Case to date other than the amount stated in this paragraph. Compensation for services rendered during the present Chapter 11 Case will be made in accordance with this application.  WM Law has earned a portion of those funds and used $3713 for pre-filing expenses and $1,738 of that $3,713 to pay the Chapter 11 Filing Fee.  The remaining balance of $13,287 is in trust, subject to court approval of fees.

13. W M Law affirms that compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorneys for the Debtor.

14. Attorney Ryan Blay, Senior Partner at W M Law, on behalf of W M Law and the above-named attorneys has executed and attached an Affidavit of Disinterestedness attesting to the foregoing and in support of this Application.

WHEREFORE, the Debtors respectfully request this Court's order approving the employment of Ryan A. Blay, and the other attorneys and staff in the firm of W M Law, on the basis set forth above and for such other further relief as the Court deems equitable and proper.

Dated: April 7, 2026

Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
PROPOSED ATTORNEY FOR DEBTOR/DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Application was served on Tuesday, April 07, 2026 by providing an electronic copy to United States Trustee, and either electronically or by U.S. Mail, first class postage prepaid to all parties of interest listed below.

**[See attached mailing matrix]**

/s/ Ryan A. Blay
Proposed Counsel for Debtor/Debtor-in-Possession